IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


CHRISTINA LUNA RILEY,                          Case No. 2:17-cv-01660-SU

                    Plaintiff,
                                               **OPINION**
                                               **AND ORDER**
        v.

UMATILLA COUNTY and MARK
EAVES, Personally,

                    Defendants.
_____

SULLIVAN, United States Magistrate Judge:

        Plaintiff Christina Luna Riley brings this action for federal civil rights claims and state

common-law claims against defendants Umatilla County and Mark Eaves, a county probation

officer, arising from an alleged automobile accident on October 20, 2015.  (Docket Nos. 1 & 10).

Plaintiff's counsel moves to withdraw. (Docket No. 7). For the following reasons, the Court DENIES plaintiff's Motion, without prejudice.

## BACKGROUND

Plaintiff filed her initial complaint on October 19, 2017. (Docket No. 1). On December 11, 2017, plaintiff's counsel filed this Motion to Withdraw. (Docket No. 7). Plaintiff filed an amended complaint on December 25, 2017. (Docket No. 10).

Counsel submitted a declaration along with the Motion to Withdraw. (Docket No. 8). Counsel states that "Prior to filing and getting service waived, counsel told plaintiff he did not have time to handle the case but would draft and file it to protect her rights at the two-year deadline." *Id.* ¶ 3. He states in the Motion that "Defendants have been notified," (Docket No. 7), and in the Motion and Declaration that "Defendants do not object," (Docket Nos. 7 & 8).

## LEGAL STANDARD

Local Rule 83-11 provides that "An attorney may withdraw as counsel of record only with leave of Court, except as provided in subsections (b), (c), and (d). A motion must be filed and served on the client and opposing counsel."[1]

## ANALYSIS

Plaintiff's counsel has not complied with the Local Rules regarding withdrawal. Counsel has not indicated whether he has served his client and opposing counsel with the Motion (he states only that defendants have been "notified," which is not the same as service). No certificate of service has been filed, despite plaintiff having filed a Waiver of Summons signed by counsel for defendants.

---

[1] None of subsections (b), (c), or (d) applies in this matter.

Additionally, counsel filed an Amended Complaint on December 25, 2017, subsequent to moving to withdraw (Docket No. 10), making it unclear whether counsel intends his representation to continue, or if his intent to withdraw remains.

Counsel must resubmit the Motion to Withdraw, in accordance with the Local Rules. Counsel states that plaintiff "has no computer and would benefit from pro bono appointed-counsel in Eastern Oregon."  Berman Decl. ¶ 3 (Docket No. 8); *see also* Pl. Mot., at 1 ("Plaintiff . . . would benefit from a Pro Bono Panel appointmet [sic] of counsel") (Docket No. 7).  Plaintiff "seeks ninety-days (90) to obtain new counsel."  *Id.*  Considering the purported manner in which counsel has attempted to structure and limit his representation of plaintiff, the Court orders counsel to use his best efforts to assist plaintiff in finding new representation before it will allow counsel to withdraw.  In any subsequent motion to withdraw, counsel shall report on his efforts to find his client new counsel.

## CONCLUSION

For these reasons, the Court DENIES plaintiff's Motion to Withdraw (Docket No. 7), without prejudice to plaintiff refiling in accordance with this Order.

IT IS SO ORDERED.

DATED this 3rd day of January, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge